JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| GABRIELINO-TONGVA TRIBE, | Case No. 2:21-cv-05871-MCS-DFM |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND (ECF NO. 12) AND DENYING MOTION TO CONSOLIDATE (ECF NO. 21)** |
| v. | |
| JONATHAN STEIN, LAW OFFICES OF JONATHAN STEIN, ST. MONICA DEVELOPMENT COMPANY, | |
| Defendants. | |

Plaintiff, the Gabrielino-Tongva Tribe ("the Tribe"), moves to remand this action to the Los Angeles County Superior Court. (MTR, ECF No. 12.) Defendants Jonathan Stein, the Law Offices of Jonathan Stein, and the St. Monica Development Company, oppose the MTR and the Tribe has replied. (Opp'n, ECF No. 18; Reply, ECF No. 19.) Defendants have also filed a Motion to Consolidate this and a related case before the Court (2:21-cv-05653), to which the Tribe has replied. (ECF Nos. 21–22.) The Court has deemed this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the following reasons, the motion to remand is **GRANTED** and Motion to Consolidate Cases is **DENIED**.

1

## I. BACKGROUND

This case first began in November 2006 when Plaintiff filed a lawsuit against Jonathan Stein in the Los Angeles Superior Court alleging, *inter alia*, identity theft and defrauding the Tribe out of more than $20,000,000. (Memorandum of Points and Authorities in Support of the Motion ("Plaintiff's Memorandum"), ECF No. 12-1.) After thirteen years, on August 27, 2019, the Tribe obtained a judgment of $20,411,067.23 in compensatory damages and $7,000,000.00 in punitive damages against Defendants. (*Id.* at 10; Judgment, Ex. A of Plaintiff's Supplemental Request for Judicial Notice - Part 1, ECF No. 12-2 at 10–11, 13.[1]) On the same day, the superior court issued a 138-page Statement of Decision wherein it found Defendants had committed "many incidences of fraud" since "the inception of [Stein's] relationship with [the Tribe]" and that "[e]vidence of fraud is extensive and at the center of this case." (Statement of Decision, Ex. 2 of RJN ISO MTR, ECF No. 12-2 ¶ 89 at 53–54.)

The Tribe alleges that Stein has since engaged in a wide and extensive range of post-trial misconduct in order to avoid the trial court's jurisdiction and enforcement of the Judgement (MTR at 13–16), including suing the Tribe in this Court on July 13, 2021 and removing the state court case a week later (*Id.* at 17). (*See also* ECF No. 1.) Stein claims that the Tribe cannot enforce the state court Judgment, as attempted via written levy instructions to the Los Angeles County Sheriff's Department, due to the matters at issue here on removal. (Declaration of Paul Young in Support of the Tribe's MTR ("PY

---

[1] The Court takes judicial notice of the Tribe's Requests for Judicial Notice in support of ("RJN ISO") Plaintiff's MTR, which are all matters of public record pursuant to Fed. R. Evid. 201(b). (Exs. 1–41 ISO RJN, ECF No. 12-2). The Court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006*); see McFall v. Cty. Of San Joaquin*, No. 2:17-cv-0847-KJM-AC, 2018 WL 5619960 at *2 (E.D. Cal. Oct. 30, 2018) (taking judicial notice of "Statements of Information ... filed with the California Secretary of State"); *see also Global BTG LLC v. National Air Cargo, Inc.*, No. CV 11-1657 RSWL (JCGx), 2011 WL 2672337 at *1 (C.D. Cal. June 29, 2011) (taking judicial notice of "articles of organization"). Thus, these RJNs are **GRANTED**.

2

Decl.") ¶¶ 6-8, ECF No. 12-6.)

## II. LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

"The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

## III. DISCUSSION

On removal, Defendants invoke federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA") and Section 401 of the Internal Revenue Code. (Notice of Removal ¶¶ 2, 17, ECF No. 1.) Instead of attaching a copy of the Tribe's operative state court complaint to their Notice, Defendants included a copy of the Notice of Levy that the Tribe delivered to the Los Angeles County Sherrif's Department ("Sheriff's Levy Notice") (ECF No. 1-1) and the Garnishee Memo that Fidelity Brokerage Service, LLC filled out thereafter (ECF No. 1-2.). The documents' attachment placed levies on Stein's money and financial assets, including any accounts where Stein and his Spouse were signatories. (Notice of Removal, Exs. 1–2, ECF Nos. 1-1 and 1-2.) The documents, listing the Tribe as the Judgment Creditor, executed the Levies against St. Monica Development Company, LLC on June 29 and 30, 2021. (Notice of Removal, Exs. 1–2, ECF Nos. 1-1 and 1-2.)

Defendants claim that the Sheriff's Levy Notice and Garnishee Memo

(collectively, the "Levies") located and restricted certain ERISA-protected plans and legal entities, thus triggering numerous federal questions. (Notice of Removal ¶¶ 4–8, 10.) They also claim that the Levies are being enforced by an unlawful enactment that took place in September 2021, i.e. "California's brand new, pro-creditor scheme for bonding around exemption claims and third party claims", and that it creates irreconcilable conflicts with ERISA and § 1132. (*Id.* ¶ 12.)

The Tribe asserts that its claims against Defendants do not arise under federal law because the Levies are simply seeking to enforce the judgment on the state law based causes of action. (MTR at 17, 21–25.) The Tribe's claims were filed nearly fifteen years ago and were adjudicated by the trial court roughly two years ago. (*Id.*) As such, they can only provide a federal defense to the Levies, at best. (*Id.*) Indeed, the Levies are simply seeking to enforce the judgment on the state law claims. Thus, the Levies cannot confer federal jurisdiction under the well-pleaded complaint rule. Relatedly, the Tribe asserts that the Levies arise from state statutes, such as California's Enforcement of Judgments Law ("EJL"). (*Id.* at 17, 18–20.)

### 1. The Well-Pleaded Complaint Rule[2]

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "a suit arises under federal law for 28 U.S.C. § 1331 purposes only when the plaintiff's statement of his own cause of action shows that it is based

---

[2] The Tribe argues that, as a threshold matter, Defendants untimely removed this action because it was originally filed in state court in November 2006. (MTR at 20–21.) Consequently, the 30 day removal deadline expired more than fourteen and a half years ago. (*Id.*) The ultimate consideration that will reveal the validity of this argument is the answer to the question of whether Defendants' claim that the case became removable once ERISA laws were implicated (i.e. when the Tribe executed the Levies to locate and liquidate Stein's ERISA plan accounts) has merit.

For the reasons discussed below, the Court finds that the well-pleaded complaint rule was not implicated and that therefore the action was not removable in the first place. Accordingly, the issue of timeliness is **VOID**.

upon federal law." *Hawaii ex rel Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (internal quotations and citations omitted). "It is settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir. 2003) (internal quotations and citations omitted).

The Court agrees with the Tribe's suggestion that Defendants' Notice of Removal does not point to the Tribe's well-pleaded complaint or any other document containing the Tribe's statement of its claim; this finding largely disfavors Defendants' argument that removal is proper here. (*See* Motion at 22.) The removal, which alleges that the Levies "together facially assert a federal claim under the well-pleaded complaint rule" (Notice of Removal ¶ 10), and that the Garnishment constitutes a well-pleaded complaint "that falls under ERISA § 502(a) [29 USC § 1132(a)]", is both procedurally and factually improper. (*See* Opposition at 7, ECF No. 18.).

First, although Defendants claim that the "initiation of the Garnishment raised federal questions for the first time" in the underlying state court case, Defendants do not cite any law to support a finding that a judgment creditor's notice of levy to a sheriff's department to execute a money judgment can qualify as an ERISA cause of action. (*See* Opposition at 9, 12–14.) Likewise, Defendants offer no cognizable law or allegations to support their statement that "the Garnishment attempts to raid" the ERISA protected plans at issue by making "involuntary transfers" of its accounts as involuntary beneficiaries of Stein with "derivative standing" under ERISA. (*Id.* at 11–12.)

Second, the Sheriff's Levy lists the Tribe as a judgment creditor (ECF No. 1-1 at 1), not a beneficiary or any type of recipient to the ERISA plans. The Garnishee Memo, which lists Fidelity Brokerage Services, LLC as the Garnishee that is acting on behalf of a judgement creditor (the Tribe), specifically instructs the sheriffs to levy all of Defendants' intangibles, financial assets, and/or accounts per California Code of Civil

Procedure § 700.140. (*Id.* at 2.) Indeed, a plain reading of the Levies point not to a cause of action nor a potential ERISA claim, but instead suggests that the Tribe is seeking to enforce a valid state court judgment against the debtors, Defendants, pursuant to a California statute that outlines the proper procedures for officers to execute levies. *See e.g.* CA Civ. Proc. § 700.140(a) ("[T]o levy upon a deposit account, the levying officer shall personally serve a copy of the writ of execution and a notice of levy on the financial institution with which the deposit account maintained."); CA Civ. Proc. § 700.140(d)-(e) (instructing financial institutions on the parameters by which they must adhere to officer levies when withdrawing money from debtor accounts).

Defendants' mischaracterizations of the law and facts are far from the legal standard required to raise an ERISA cause of action. Section 502 of ERISA authorizes civil action by a participant or beneficiary to recover benefits due under the terms of a plan, to enforce their rights under the terms of the plan, or to clarify their rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). "[U]nder Section 502, the ERISA civil enforcement mechanism has 'extraordinary pre-emptive power' and 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Massey v. Riverside Univ. Health Sys. – Med. Ctr.*, 2020 WL 6135071, at *2 (C.D. Cal. Oct. 16, 2020) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (1987)). "To determine whether a state law claim is within the scope of Section 502(a)(1)(B) and therefore completely preempted by ERISA, the Supreme Court has articulated a two-part inquiry: (1) whether 'an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),' and (2) whether any 'legal duty (state or federal) independent of ERISA or the plan terms is violated.'" *Id.* (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)). "The Ninth Circuit 'strictly construe[s] the removal statute against removal jurisdiction,' and [f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Here, there is significant doubt as to the right of removal on these

grounds for the reasons stated above.

The Tribe's complaint suggests that neither parts of the *Davila* test could be implicated, and Defendants have not persuaded the Court otherwise. Critically, Defendants' reliance on caselaw does not establish that the Tribe is a beneficiary or assignee of the plans at issue. (*See generally* Opp'n at 16–25.) "A 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). As discussed above, the Court declines to read the Levies as seeking entitlement to Stein's benefits under the alleged ERISA plans at issue. None of the causes of action that the Tribe alleged in its Fourth Amended Complaint, to which it ultimately received a favorable judgment, included any claims related to an ERISA claim wherein the Tribe claimed to be a potential beneficiary under Stein's plans. (Statement of Decision ¶ 2, RJN Part 1, Ex. 2, ECF No. 12-2 at 17.) Indeed, the Court agrees with the Tribe that the record simply suggests that "the Tribe seeks to enforce its own rights under the state court judgment and pursuant to the EJL." (*See* Reply at 6.)

The Court Cannot conclude that the Exhibits attached to Defendants' Notice of Removal give rise to an ERISA cause of action. Thus, the Tribe's request for remand is **GRANTED**.

**2. Attorney's Fees**

Pursuant to 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 11, the Tribe requests attorney's fees associated with bringing the Motion. (MTR at 31–32.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A court may issue sanctions under Rule 11(c) if the court determines that a filing was presented for an improper purpose or is factually or legally frivolous. Fed. R. Civ. P. 11(b)–(c).

The Court finds that removal was objectively unreasonable or frivolous in light of the unique circumstances surrounding this case. Defendants have engaged in a series

of fraudulent conduct, as found by the trial court in its Statement of Decision. (MTR at 10–11; RJN Ex. 2, ¶ 88, ECF No. 12-2 at 53.) Defendants have also engaged in a series of post-judgment misconduct, including multiple attempts to take jurisdiction from the state court by filing cases in other courts (this Court included). (MTR at 13–17); (*See also Law Offices of Jonathan Stein, P.C. Defines Benefit Plan et al v. Gabrielino-Tongva Tribe ("Tribe I")*, No. 2:21-cv-05653-MCS-DFM) (related case filed with this Court on July 13, 2021)).

Indeed, these circumstances establish evidence of conduct so untenable that fees or sanctions are appropriate for both of Defendants' attorneys. The Court **GRANTS** the Tribe's request for attorney's fees.

### 3. Defendants' Motion to Consolidate

Defendants alternatively request the Court to consolidate *Tribe I* and this case ("*Tribe II*"), alleging that the wrongdoing in both actions relating to the Levies reach the same ERISA-protected accounts and therefore trigger the same federal questions. (Memorandum of Motion to Consolidate Cases, ECF No. 21-1 at 4.) Defendants' request is **DENIED** because, as stated *supra*, the Court declines to hold that the exhibits attached to the Notice of Removal establish a federal question.

## IV. CONCLUSION

The Tribe's Motion to remand and for attorneys fees is **GRANTED**. This matter is **REMANDED** to the Superior Court of California for the County of Los Angeles Case No. BC361307. Defendants' dual motions to consolidate, here (ECF No. 21) and in *Tribe I* (ECF Nos. 22, 27), are **DENIED *as moot*.** The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: October 14, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE